UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**ALLISON ELLIS,**

    **Plaintiff,**

v.

**CITY OF HUNTSVILLE, ALABAMA**, *et al.*,

    **Defendants.**

**Case No. 5:25-cv-745-HDM**

### MEMORANDUM OPINION AND ORDER

Allison Ellis is suing her former employer, the City of Huntsville, Alabama (the "City"), and her former supervisor, Lt. Michael Danley. (Doc. 1 at 1, 3). She alleges that Defendants used religious discrimination to force her out of her job in retaliation for taking maternity leave and reporting sex discrimination. (Doc. 1 at 15–22). Defendants filed a motion to dismiss, (doc. 10), arguing that, among other things, Lt. Danley is entitled to qualified immunity, (*see* doc. 11). This court denied Defendants' motion to dismiss. (Doc. 16). Lt. Danley filed an interlocutory appeal of this court's denial of qualified immunity, (doc. 19), and Lt. Danley and the City subsequently moved this court to stay all proceedings pending resolution of the appeal, (doc. 23). Ms. Ellis opposes a full stay and instead advocates for a partial stay. (*See* Docs. 23, 26). Ms. Ellis acknowledges that under Eleventh Circuit

precedent, the individual appealing a denial of qualified immunity is entitled to a stay on issues related to that appeal. (*See* Doc. 26 at 1–2). *See also Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) (explaining that the defense of qualified immunity "protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery"). Ms. Ellis also does not advocate for full discovery to proceed against the City but instead asks to proceed only with "paper discovery, i.e., Interrogatories, Requests for Production and Requests for Admission," against the City. (Doc. 26 at 2). Therefore, the only issue before the court is the extent to which proceedings against the City should be stayed.

The parties make several competing arguments. First, Defendants argue that "the claims against the City and Danley are so overlapping that allowing discovery against the City during the pendency of Danley's appeal would be tantamount to denying Danley his qualified immunity from suit. Particularly[] as . . . Danley will be the primary witness in this matter." (Doc. 23 at 3–4). Second, Defendants argue that a stay would preserve judicial and party resources and avoid piecemeal litigation. *Id*. As to Ms. Ellis, she first argues that allowing a full stay would "unduly prejudice Plaintiff and [delay] resolution of this case for an additional year." (Doc. 26 at 4). Second, Ms. Ellis argues that allowing a full stay would be an unjust acquiescence to Defendants' delay tactics. *Id*.

Although Ms. Ellis argues that a full stay would unduly prejudice her case, she provides no concrete example of how such prejudice would occur. While her broader concern that qualified-immunity appeals are frequently used to delay litigation is well taken, she has not demonstrated that a stay pending appeal would result in the loss of evidence, the unavailability of witnesses, or any other specific harm to her ability to litigate this case. *Cf. K.M. v. Alabama Dep't of Youth Servs.*, 209 F.R.D. 493, 496 (M.D. Ala. 2002), *aff'd sub nom. K.M. v. AL Dep't of Youth Servs.*, 73 F. App'x 386 (11th Cir. 2003) (allowing limited discovery to move forward where a full stay would result in a loss of records or witnesses).

Moreover, the claims against Lt. Danley and the City are closely related, and there is no ascertainable line between the discovery relevant to the claims against the City and that relevant to the claims against Lt. Danley. Allowing discovery to proceed against the City while staying discovery as to Lt. Danley would therefore create substantial practical difficulties. Furthermore, it is unclear at this stage which claims, if any, will remain viable if Lt. Danley were granted qualified immunity. In the absence of a concrete showing of prejudice to Ms. Ellis, there is little reason to subject the parties and the court to these complications. *See Sosa v. Hames*, No. 05-23079-CIV-TURNOFF, 2006 WL 1284927, at *1 (S.D. Fla. May 3, 2006) (staying claims as to both the individual defendant and the county defendant after the individual defendant appealed the district court's denial of qualified immunity

because the claims against the individual defendant were "inextricably linked" to the claims against the county defendant); *Frye v. Escambia Cnty. Bd. of Educ.*, No. CIV.A. 08-0340-WS-N, 2010 WL 2854454, at *1 (S.D. Ala. July 16, 2010) (staying claims against both individual defendants and the school board because a ruling in the plaintiff's favor on appeal "presumably would also be dispositive of the plaintiff's claim against the Board").

For these reasons, Defendants' motion to stay, (doc. 23), is **GRANTED**. All deadlines and proceedings are hereby **STAYED** pending resolution of Lt. Danley's interlocutory appeal.

**DONE** and **ORDERED** on March 9, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

4